**S T A T E   O F   M I C H I G A N**
**C O U R T   O F   A P P E A L S**

---

THE DETROIT MEDICAL CENTER,

      Plaintiff-Appellant,

v

MICHIGAN PROPERTY & CASUALTY
GUARANTY ASSOCIATION,

      Defendant-Appellee,

and

MICHIGAN ASSIGNED CLAIMS FACILITY,

      Defendant.

UNPUBLISHED
October 19, 2017

No. 326793
Wayne Circuit Court
LC No. 13-015970-NF

---

ON REMAND

Before: MURPHY, P.J., and O'CONNELL and SHAPIRO, JJ.

PER CURIAM.

Plaintiff, The Detroit Medical Center (the medical center), had earlier appealed the trial court's order granting summary disposition in favor of defendant Michigan Property & Casualty Guaranty Association (the association). The crux of the appeal concerned whether there was a genuine issue of material fact regarding whether the injured driver of a Jeep had taken it unlawfully, such that she was precluded from obtaining personal protection insurance benefits, commonly referred to as PIP benefits, under MCL 500.3113(a). The medical center had directly sued the association in an attempt to recover expenses incurred in providing care and treatment for the injured driver. And the trial court, siding with the association and relying on examinations under oath (EUOs) that were later contradicted in depositions, determined that there had been an unlawful taking of the Jeep as a matter of law. We issued an opinion that reversed the trial court's ruling and remanded the case, holding that an issue of fact did exist in regard to the alleged unlawful taking, given that the EUOs were not necessarily controlling. *Detroit Med Ctr v Mich Prop & Cas Guaranty Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued July 26, 2016 (Docket No. 326793). On application for leave to appeal, the Michigan Supreme Court vacated our judgment and remanded the case for reconsideration in light of *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). *Detroit Med Ctr v Mich Prop & Cas Guaranty Ass'n*, 900 NW2d 624 (2017). On remand, on the strength of *Covenant Med Ctr*, we now affirm the trial court's order granting summary disposition to the association.

In *Covenant Med Ctr*, 500 Mich at __; slip op at 25, our Supreme Court held as follows:

> The Court of Appeals' opinion in this case is premised on the notion that an injured person's healthcare provider has an independent statutory right to bring an action against a no-fault insurer for payment of no-fault benefits. This premise is unfounded and not supported by the text of the no-fault act. A healthcare provider possesses no statutory cause of action under the no-fault act against a no-fault insurer for recovery of PIP benefits. Plaintiff therefore has no statutory entitlement to proceed with its action against defendant. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Saginaw Circuit Court for entry of an order granting summary disposition to defendant.

Here, the medical center did not allege any contractual basis in support of its complaint, relying instead on the now-rejected proposition that it had an independent statutory right under the no-fault act to bring the suit. We note that under the Michigan Property and Casualty Guaranty Association Act (MPCGAA), MCL 500.7901 *et seq.*, the association assumed the obligations of the Jeep owner's insolvent no-fault insurer, and pursuant to the MPCGAA, the association has "the same rights as the insolvent insurer would have had if not in receivership, including the right to appear, defend, and appeal a claim in a court of competent jurisdiction[,] MCL 500.7931(2). Because the insolvent insurer would be entitled to summary disposition under *Covenant Med Ctr*, the association is likewise entitled to summary disposition. Accordingly, we affirm the trial court's ruling granting summary disposition in favor of the association, albeit on the basis of the holding in *Covenant Med Ctr* and not because there was an unlawful taking as a matter of law.

Affirmed. We decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Douglas B. Shapiro